```
 1  Gregory D. Trimarche, California Bar No. 143686
       Gregory.trimarche@bryancave.com
 2  Aaron M. McKown, California Bar No. 208781
       Aaron.mckown@bryancave.com
 3  Chris Cruz, California Bar No. 228802
       Chris.cruz@bryancave.com
 4  Paula L. Zecchini, California Bar No. 238731
       Paula.zecchini@bryancave.com
 5  BRYAN CAVE LLP
    3161 Michelson Dr., Suite 1500
 6  Irvine, California 92612-4414
    Telephone:  (949) 223-7000
 7  Facsimile:  (949) 223-7100
 8
    Attorneys for Defendants
 9  ANATOMIC GLOBAL, INC.;
    DAVID L. FARLEY
10
```

FILED
CLERK, U.S. DISTRICT COURT
MAY 27 2009
CENTRAL DISTRICT OF CALIFORNIA
         DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| SINO CENTURY DEVELOPMENT LIMITED, Chinese Corporation; and SINOMAX POLYURETHANES (SHANGHAI) CO., LTD., a Chinese Corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>ANATOMIC GLOBAL, INC., a California corporation; ANATOMIC CONCEPTS, INC., a California corporation; DAVID L. FARLEY, an individual; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. CV09-3749 RGK (JWJx)<br><br>(Los Angeles Superior Court Case No. BC396199)<br><br>**NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(c)**<br><br>**REQUEST FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. § 1406(a)**<br><br>**[FEDERAL QUESTION JURISDICTION]** |

IR01DOCS404895.1

NOTICE OF REMOVAL AND REQUEST FOR TRANSFER OF VENUE

## NOTICE OF REMOVAL AND REQUEST FOR TRANSFER OF VENUE

This Notice of Removal is filed on behalf of Defendants Anatomic Global, Inc. and David L. Farley ("Anatomic") pursuant to 28 U.S.C. section 1441(c).[1]

As set forth herein, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. section 1331. Concurrent with this Notice of Removal, and pursuant to 28 U.S.C. section 1406(a), Anatomic requests the Court transfer this action to the United Stated District Court for the Central District of California, Eastern Division.

## BACKGROUND

### Plaintiffs' Complaint

1. On August 12, 2008, Plaintiffs filed a Complaint in the Superior Court of the State of California, County of Los Angeles entitled *Sino Century Development Limited, a Chinese corporation vs. Anatomic Global, Inc., a California corporation et al.*, Los Angeles County Superior Court Case No. BC396199. (*See* Plaintiffs' Complaint ("Complaint"), attached hereto as Exhibit A.)

2. The Complaint alleges that Anatomic failed to make payment on goods purchased from Plaintiffs pursuant to various "Purchase Orders, Commercial Invoices, and other shipping documents." (*See* Complaint, ¶¶ 23-26.) Plaintiffs assert claims arising under California law based on theories of breach of contract, false promise, conversion, and various common counts. Plaintiffs' breach of contract claims request specific relief under California's Civil Code. (*See, e.g.*, Complaint, Request for Relief, ¶ 4, requesting relief on Plaintiffs' breach of contract claim pursuant to California Civil Code 1717.5.)

///

---

[1] Although named as a defendant in the Complaint, to date, Anatomic Concepts, Inc. has not been served.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**Plaintiffs' Discovery Responses**

3. On April 28, 2009, Plaintiffs served Anatomic with "Plaintiff Sinomax and Sinocentury's documents responsive to Defendant Anatomical [sic] Global, Inc.'s Request for Production." (*See* Plaintiffs' document production, attached hereto as Exhibit B).

4. Documents produced in response to Anatomic's Inspection Demand revealed—for the first time—that Plaintiffs' contract-based claims are preempted by the United Nations Convention on Contracts for the International Sale of Goods ("the Convention"). Specifically, Plaintiffs produced documents in response to Inspection Demand No. 7, which requested all documents supporting their claim that "[b]ased on the Purchase Orders, Commercial Invoices, and other shipping documents, various written contracts exist" between Plaintiffs and Anatomic (*i.e.*, all written contracts between the parties). Notably, the documents upon which Plaintiffs base their breach of contract claims are silent as to choice of law.

5. As discussed, *infra*, in the absence of an applicable choice of law provision, the international sales contracts between Plaintiffs and Anatomic are governed by the United Nations Convention on Contracts for the International Sale of Goods.

## THE UNITED NATIONS CONVENTION ON CONTRACTS FOR THE INTERNATIONAL SALE OF GOODS

6. The Convention is an international agreement that governs the formation of international sales contracts, as well as the rights and obligations of the parties. *See* United Nations Convention on Contracts for the International Sale of Goods, Art. 1(a), *opened for signature* April 11, 1980, S. Treaty Doc. No. 9, 98th Cong., 1st Sess. 22 (1983), 19 I.L.M. 671, *reprinted* at 15 U.S.C. App. 332 (1998)(hereinafter cited as 15 U.S.C. App.). When two foreign nations are signatories to the Convention, the Convention governs contracts for the sale of goods between parties whose places of business are in these different nations. 15

1 U.S.C. App., Art. 1(1)(a); *See Supermicro Computer Inc. v. Digitechnic, S.A.*, 145 F. Supp. 2d 1147, 1151 (N.D. Cal. 2001).

7. In the United States, the Convention preempts state contract law to the extent that contract-based causes of action fall within the scope of the Convention. 15 U.S.C. App., Art. 6; *Vlero Mkt. & Supply Co. v. Greeni Oy & Greeni Trading Oy*, 373 F. Supp. 2d 475, 480 n. 7 (D. N.J. 2005); *Usinor Industeel v. Leeco Steel Prods., Inc.*, 209 F. Supp. 2d 880, 884 (N.D. Ill. 2002) (holding that under the Supremacy Clause, the Convention would displace any contrary state sales law such as Article 2 of the Uniform Commercial Code).

8. The Convention applies where the contract is silent as to choice of law. *Amco Ukrservice v. Am. Meter Co.*, 312 F. Supp. 2d 681, 686 (E.D. Pa. 2004); *Supermicro Computer Inc. v. Digitechnic, S.A.*, 145 F. Supp. 2d at 1151. Parties seeking to apply domestic law in lieu of the Convention must affirmatively opt-out of the Convention. *See BP Oil Int'l, Ltd. v. Empresa Estatal Petroleos de Ecuador*, 332 F.3d 333, 336 (5th Cir. 2003)(holding that "if the parties decide to exclude the [Convention], it should be expressly excluded by language which states that it does not apply"); *see, e.g., Vlero*, 373 F. Supp. 2d at 482 (agreement to include a provision that New York law governed failed to specifically exclude application of the Convention and therefore the Convention remained applicable); *Asante Techs., Inc. v. PMC-Sierra, Inc.*, 164 F. Supp. 2d 1142, 1150 (N.D.Cal. 2001) (holding that a choice of law provision selecting British Columbia law did not "evince a clear intent to opt out of the Convention").

9. The parties in this action are from the United States of America and the People's Republic of China. Both countries are signatories to the Convention.[2] The purchase orders that make up the contract upon which the Complaint is based do not

---

[2] *See* United Nations Comm. on Int'l Trade Law, Status: 1980 United Nations Convention on Contracts for the International Sale of Goods (2009) at http://www.uncitral.org/en/uncitral_texts/sale_goods/1980CISG_status.html

include a choice of law or "opt-out" provision relating to the law governing the contracts at issue. Because the parties did not specifically agree to exclude the application of the Convention, the Convention provides the substantive law governing this contractual dispute. *See MCC-Marble Ceramic Center, Inc. v. Ceramica Nuova D'Agostino, S.P.A.*, 144 F.3d 1384, 1387 (11th Cir. 1998).

## CONSTITUTIONALLY AUTHORIZED RIGHT TO REMOVAL

10. Under 28 U.S.C. section 1441, Congress has granted defendants, like Anatomic, the statutory right to remove a case from state court to a United States District Court. This right is authorized by Article III, Section 2 of the U.S. Constitution, which extends the judicial power of the federal courts to claims and controversies "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As a result, the statutory right to removal is accorded certain basic constitutional protections. *See, e.g. Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976)(case removed from state court may not be remanded for discretionary reasons not authorized by the controlling statute), (*abrogated on other ground by, Quackenbush v. Allstate Ins. Co.*, 116 S.Ct. 1712, 1720 (1996)).

## FEDERAL QUESTION JURISDICTION

11. A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if federal law creates the cause of action, or if a case requires resolution of a substantial question of federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10, 13 (1983).

12. This Court has jurisdiction over the claims asserted in Plaintiffs' Complaint because (1) the case will necessarily require resolution of substantial questions of federal law relating to the Convention; and (2) the Convention completely preempts all state laws that impose liability on Anatomic for Plaintiffs' contract-based claims. *See Asante Techs. v. PMC-Sierra, Inc.*, 164 F. Supp. 2d at

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1152 (upholding removal of action requiring application of the United Nations Convention on Contracts for the International Sale of Goods).

13. To the extent that Plaintiffs' tort-based claims are not preempted, this Court has supplemental jurisdiction over Plaintiffs' state law claims. Those claims arise under the same operative facts as Plaintiffs' federal claims, which relate to Anatomic's alleged failure to make payment on goods purchased from Plaintiffs pursuant to various purchase orders, commercial invoices, and other shipping documents. (*See e.g.*, Complaint, ¶¶ 50, 58.) Accordingly, each of Plaintiffs' remaining state law claims are related to Plaintiffs' federal claims and form a part of the same case and controversy pursuant to 28 U.S.C. section 1367(a).

## **REMOVAL IS PROPER**

14. Anatomic was served with Plaintiffs' response to Anatomic's Inspection Demand on April 28, 2009. The documents provided in response to the Inspection Demand provided Anatomic with notice—for the first time—of the bases for removal outlined herein.

15. This Notice of Removal is timely filed within thirty (30) days after receipt by Anatomic of Plaintiffs' response to Anatomic's Inspection Demand (*i.e.*, after receipt of "a copy of an amended pleading, motion, order, or **other paper** from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b)(emphasis added); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)(where no ground for removal is evident in the initial pleading, the case is not removable at that stage, and the notice of removal may be filed within thirty days after a defendant receives "other paper" from which it can be ascertained that removal is proper); *Rico-Chinn v. Prudential Ins. Co. of Am.*, 2005 U.S. Dist. LEXIS 23132 (N.D. Cal. July 12, 2005)(discovery responses qualify as "other paper" within the meaning of 28 U.S.C. § 1446(b)).

16. For all of the foregoing reasons, this Court has original jurisdiction over each of Plaintiffs' contract-based claims pursuant to 28 U.S.C. section 1331,

1 and supplemental jurisdiction over any remaining state law claims pursuant to
2 28 U.S.C. section 1367(a).

3     17.    A copy of all pleadings filed in the state court action and served on
4 Anatomic is attached as Exhibit C as required by 28 U.S.C. section 1446(a).

5     18.    Upon information and belief, no other defendant has been served with a
6 copy of the summons and complaint in this action whose consent would be
7 necessary to effect this removal.

8     19.    A copy of this Notice of Removal is being served on all adverse parties
9 and filed with the clerk of the state court pursuant to 28 U.S.C. section 1446(d). A
10 copy of the notice to all adverse parties and the state court is attached (without
11 exhibits) as Exhibit D.

## REQUEST FOR TRANSFER OF VENUE PURSUANT TO
## 12 U.S.C. SECTION 1406(a)

14     20.    The United States District Court for the Central District of California is
15 the federal judicial district embracing the Superior Court of Los Angeles County,
16 California where this suit was originally filed. Venue is proper in this District for
17 the purposes of removal.

18     21.    However, in the interests of justice, Anatomic requests the Court
19 transfer this action to the Eastern Division of the United States District Court for the
20 Central District of California pursuant to 12 U.S.C. section 1406(a). The Eastern
21 Division has subject matter jurisdiction over this action and is a proper venue based
22 on the allegations contained in Plaintiffs' Complaint.

23     22.    Plaintiffs are "corporations organized and existing under the laws of the
24 Peoples [sic] Republic of China." (*See* Complaint, ¶ 7.)

25     23.    Defendant Anatomic Global, Inc. is a California corporation "doing
26 business in Corona, County of Riverside, State of California." Defendant David L.
27 Farley "resid[es] in Orange County, California." (*See* Complaint, ¶¶ 8, 10.)
28 ///

24. Plaintiffs' Complaint alleges that venue is proper in Los Angeles County because "the contracts underlying this action were to have been performed in Los Angeles, California. The parties specified the goods in question were to be delivered to Defendants, CIF Los Angeles."

25. Plaintiffs' allegations of venue in Los Angeles are belied by the documents attached to the Complaint. The purchase orders and commercial invoices attached to Plaintiffs' Complaint specifically provide for the goods at issue to be shipped to Anatomic in Corona (Riverside County), California. (*See* Complaint, Exhibits 1 and 2.)

26. The phrase "CIF Los Angeles" does not provide a basis for venue in Los Angeles. The acronym "CIF" is an International Commercial term ("Incoterm") standing for Cost, Insurance and Freight.[3] Incoterms are standard trade definitions used in international sales contracts to indicate the allocation of risk of loss to goods in transit as between a buyer and seller. *See e.g., Texful Textile Ltd. v. Cotton Exp. Textile, Inc.*, 891 F. Supp. 1381, 1388 n.6 (C.D. Cal. 1995). Incoterms do not serve as a basis for venue; it would be absurd to base proper venue in a lawsuit solely on the geographic location at which risk of loss passes between parties.

27. Plaintiffs also allege that venue is proper in Los Angeles County because "the contracts at issue were breached in Los Angeles County," the breach being Anatomic's alleged failure to pay Plaintiffs for the goods shipped. (*See* Complaint, ¶¶ 8, 10, 26, 31.) However, the purchase agreements indicate payment was to be made by wire transfer. Any alleged breach committed by Anatomic in failing to make a certain wire transfer necessarily occurred at Anatomic's place of business in the City of Corona, County of Riverside, CA.

---

[3] "CIF" means that the seller delivers when the goods pass the ship's rail in the port of shipment; risk of loss is transferred at the point of delivery. Definition of the Incoterms, "CIF," appears at http://www.iccwbo.org/incoterms/preambles/pdf/EXW.pdf

28. Accordingly, Anatomic requests this Court transfer the entirety of this action to the Eastern Division of the United States District Court for the Central District of California pursuant to 12 U.S.C. section 1406(a).

Dated: May 26, 2009

**BRYAN CAVE LLP**
Gregory D. Trimarche
Aaron M. McKown
Chris Cruz
Paula L. Zecchini

By: *[signature]*
Paula L. Zecchini
Attorneys for Defendants
ANATOMIC GLOBAL, INC.;
DAVID L. FARLEY